NORVAL WEES, *et al.*

*v.*

M. E. HYMES, *et al.*

(No. 9925)

Submitted January 18, 1949.   Decided

February 8, 1949.

*Joseph J. Madden,* for appellants.

*A. E. Fiorentino,* for appellees.

KENNA, JUDGE:

The question to be decided upon this appeal arose in the Circuit Court of Randolph County upon the petition

of the appellee, Icie B. Isner, filed October 22, 1945, praying to have Lot 691 of Block 85 of the Valley Improvement Company Addition to the City of Elkins dismissed from a chancery proceeding in that court brought by Norval Wees October 27, 1927, for the purpose of avoiding a multiplicity of suits and consolidating a number of actions at law and proceedings in chancery pending against him. Norval Wees resisted the granting of the prayer of the petition and when, on May 7, 1946, after the taking of testimony at a special term of the Circuit Court of Randolph County, the contentions of petitioner were sustained and a decree entered granting the relief prayed for and dismissing Lot 691 of Block 85 of the named addition. Upon the application of Norval Wees this appeal was granted.

Owing to the highly confused state of the record before this Court and to the fact that the development of this cause in the Circuit Court of Randolph County has been woefully neglected for the past more than twenty years, it is extremely difficult, if not impossible, to state clearly the contentions attempted to be advanced.

Chronologically, the first showing in the record before us is that on June 21, 1927, M. E. Hymes and Inland Auto & Supply Company, a corporation, filed their bill of complaint against Norval Wees, Attie Wees, his wife, Joseph J. Madden, Trustee, R. H. Talbott, Western Maryland Investment Company of West Virginia, W. T. Stringer, Trustee, and Owen Fansler, seeking to cancel a deed from Wees and wife to Madden, Trustee, conveying Lot 692 in Block 85 of the named addition and a deed from Madden, Trustee, to Attie Wees, for the same property, alleging that the two deeds had been made for the purpose of hindering, delaying and defrauding the complainants and other creditors of Norval Wees. Although possibly due to inattention in transcribing or in correcting the record before this Court, and not commented upon by counsel, it will be observed that the lot involved in this first proceeding is Lot 692 and that it is Lot 691

described in Icie B. Isner's petition to dismiss. Therefore, it appears from the record before us, the proceeding instituted by M. E. Hymes and Inland Auto & Supply Company against Norval Wees and others, did not operate to subject Lot 691 to the direct jurisdiction of the Circuit Court of Randolph County.

On October 27, 1927, an order was entered filing and remanding to rules the bill of complaint of Norval Wees and Attie Wees against M. E. Hymes and others praying to consolidate the proceedings then pending against him, Norval Wees, in Randolph County, alleging the controversial issues that would otherwise arise in each proceeding and pointing out the loss which in the absence of consolidation would result from a multiplicity of suits. The bill alleges that by a deed executed by Norval Wees and wife and R. H. Talbott and wife Lot No. 691 in Block 85 of the named addition was conveyed, for a total consideration of five thousand dollars, represented by the purchaser's note for that amount secured by a vendor's lien, to Inland Auto & Supply Company. The bill further alleges that the note in question was indorsed by the payees and delivered to Inland Auto & Supply Company which used it at the People's National Bank of the City of Elkins for the purpose of obtaining a loan of two thousand dollars, the note being deposited as collateral security for that and other sums later borrowed in the same manner. It is alleged that at a later date Inland Auto & Supply Company procured from Wees, in whom apparently an undivided one half of the legal title was vested at the time of the transfer to it, the execution of a release of the vendor's lien for the purpose of advancing its credit with the same bank, M. E. Hymes, the president of that company, agreeing that upon his return to Buckhannon, where he then lived, he would send Wees a statement in writing declaring that the vendor's lien note remained unpaid and that the purpose of the release was only to advance the credit of Inland Auto & Supply Company with the Peo-

ple's National Bank. This understanding is denied by Hymes and Inland Auto & Supply Company in their answer later filed. The prayer of the bill includes the determination of the equity, if any, of Wees in the five thousand dollar purchase money note.

On December 20, 1927, a decree was entered referring the cause to C. W. Harding, commissioner in chancery, in order to ascertain, among other things, whether the five thousand dollar note was in fact a vendor's lien note owned by Norval Wees and R. H. Talbott or a note owned only by Norval Wees and whether the release of that note or the lien securing it was in fact a release.

On April 2, 1928, the joint and separate answer of M. E. Hymes, M. E. Mymes and A. H. Tinney, trading under the firm name of M. E. Hymes and Company, and Inland Auto & Supply Company, Inc., to the bill of complaint of Norval Wees and Attie Wees, was filed, alleging, among other things, that the five thousand dollar vendor's lien note had been fully paid and satisfied and that the release of the vendor's lien was in all respects bona fide and not made for a limited purpose.

On March 13, 1945, after a delay of approximately seventeen years, the death of M. E. Hymes and R. H. Talbott was suggested of record. The suggestion was not followed by revival.

On October 9, 1945, the petition of Icie B. Isner was filed by order, alleging her purchase on April 6, 1928, from Inland Auto & Supply Company, of Lot 691 in Block 85 of the Valley Improvement Company Addition to the City of Elkins for a valid and lawful consideration; that at that time there were no liens of record against the property purchased and that petitioner had no knowledge of the pendency of any proceedings that might affect the title of the vendor thereto. The prayer of the petition is that Lot 691 be dismissed from this proceeding by order duly entered in the consolidated proceedings.

On October 22, 1945, Norval Wees and Attie Wees filed

their demurrer and answer to the petition which, on November 1, 1945, was overruled and by agreement of counsel the petitioner and respondents allowed thirty days to submit to the court in vacation their proof by way of depositions. On November 13, the petitioner took in open court the testimony of Icie B. Isner and of Jefferson W. Isner, her husband, both the petitioner and Wees appearing by counsel. There was no objection. The effect of this testimony is that upon the purchase of Lot 691 from Inland Auto & Supply Company Icie B. Isner was a bona fide purchaser for value without notice of a proceeding affecting what appeared of record to be the regular release of the vendor's lien retained in the conveyance to the then vendor; that at the time she employed a reputable attorney-at-law to examine the title, who reported to her that her grantor was vested with a valid and unencumbered title. Her husband testified that in addition to the report procured from an attorney-at-law he had himself examined the records in the office of the Clerk of the County Court of Randolph County, had seen the release of the vendor's lien, a certified copy of which he filed as a part of his testimony, had ascertained that no notices of *lis pendens* concerning proceedings pending against the vendor appeared of record, and that the title was otherwise marketable.

On March 15, 1946, an order was entered reserving decision until a special term of court to be held beginning May 7, 1946, and granting the motion of Norval Wees and Attie Wees to require the commissioner in chancery, C. W. Harding, to whom the principal cause had theretofore been referred, to proceed immediately to make up a partial report with respect to the claim of Norval Wees against Lot 691 in Block 85 of Valley Improvement Company Addition to the City of Elkins. On May 7, 1946, an order was entered which, after reciting that C. W. Harding, commissioner in chancery, to whom this matter had been referred for a partial report, had failed to make and file a report as directed and that Norval

Wees had failed to produce testimony against the granting of the prayer of the petition as directed by the decree of March 15, 1946, granted the prayer of the petition and dismissed Lot 691 of Block 85 from the proceeding.

It is to be borne in mind that we are speaking only from the record now before this Court. According to that record the only proceeding of the seven or more here involved that was brought for the purpose of subjecting land of Norval Wees to the jurisdiction of the Circuit Court of Randolph County was that of M. E. Hymes and Inland Auto & Supply Company against Norval Wees and others. That proceeding involved Lot 692 of Block 85. The proceeding almost immediately brought by Attie Wees and Norval Wees in that court was instituted in order to avoid a multiplicity of suits by the consolidation of proceedings then pending in Randolph County against Norval Wees: it was not a receivership proceeding nor a suit for the benefit of creditors nor a proceeding in *rem* against the property of Norval Wees. True, it did involve the determination of what Wees alleged to be only a partial release of a vendor's lien then held by him on Lot 691, but the enforcement of that lien was not asked. However, conceding that in a chancery cause brought for the purpose of avoiding a multiplicity of suits the plaintiff may set up for the first time controversial questions not otherwise before the court and granting that for the purpose of *inter partes* jurisdiction Lot 691 of Block 85 was actually before the Circuit Court of Randolph County, we find that the lien contended for by Wees was in fact released by him by a writing the genuineness of which he admits. It may be that Inland Auto & Supply Company acted wrongfully in not informing Mrs. Isner that the release of the vendor's lien had been made to benefit the People's National Bank only. This alleged fact it now denies.

This proceeding was brought in October, 1927, and Icie B. Isner became the purchaser of Lot 691 of Block 85 in April, 1928, so that she was in fact a *pendente lite*

purchaser. Certainly a proceeding to set aside a release of the vendor's lien is an "interest in designated real estate" and is a proceeding to enforce that "interest" as distinguished from an actual lien, both being included under Code, 55-11-2. That being so, the statute referred to provides expressly that a proceeding of that nature shall not operate as constructive notice to a *pendente lite* purchaser unless a memorandum or notice of the pendency of that suit be filed for recordation with the clerk of the county court where the real estate sought to be affected is situated. The statute in question describes the essential things to be stated in such a notice. No such notice was here filed. Therefore the petitioner occupies the position of bona fide purchaser for value without notice. That being so, we perceive no error in the order of the Circuit Court of Randolph County granting the prayer of her petition and releasing her property from the effect of any decree that has been or might be entered in this proceeding.

*Affirmed.*